**NOT INJURED IN THE COURSE OF EMPLOYMENT.**

Common Pleas Court of Hamilton County.

STATE, EX REL. CRABBE, V. BARBAS ET AL.

Decided 1926.

*Workmen's Compensation—Injury to a Waitress from an Explosion of the Kitchen Range After Working Hours.*

A waitress in a restaurant who was injured by an explosion as she was attempting to light the kitchen range, some time after the dinner hour and against positive orders, cannot be said to have been injured in the course of her employment.

*C. C. Crabbe,* Atty. Genl., and *C. W. Baker,* Asst. Atty. Genl., for plaintiff.

*Joseph B. Derbes,* for defendants.

ROETTINGER, J.

The case is brought on the relation of the Attorney General of Ohio, on behalf of one Alberta Osborne, against Nick Barbas and Andrew Marko, a partnership, and comes into this court upon error proceedings from the municipal court of the city of Cincinnati.

An examination of the record shows that Alberta Osborne was employed in the restaurant of the defendants, and that her weekly wage was $15.00 "and board."

Although the defendants employed more than seven employees they were not subscribers to the state insurance fund—hence this action by the Attorney General.

The duties of Alberta Osborne were those of a waitress and did not include any cooking whatever.

On the day of the accident she went into the kitchen, substantially after the regular dinner hour for the purpose of heating a piece of pie for herself and not for a customer. At this time the range was out, and the girl was told specifically to stay out of the kitchen except for the sole purpose of getting water.

The cook, who was in charge of the kitchen, and who certainly was the agent of the employers, told the girl to stay away from the stove, not on previous occasions,

but particularly on the day of the accident, and just a short while before it happened.

In spite of the orders of the cook to keep away from the stove, the girl lit a match, the explosion followed, and she was injured.

Both sides have cited the 13th Ohio Appeals, 262, and have relied thereon. Paragraph 2 of the syllabus seems to us to be exactly in point, and this reads as follows:

"2. Where a workman does such things as are usually and reasonably incidental to the work of the employer, including the taking of refreshment, rest and smoke, which are not forbidden by the employer, and in so doing is injured, it cannot be said as a matter of law that the injury was received outside the course of his employment."

We call the attention of counsel to a certain phrase in this paragraph which, in our opinion, is determinative of the case under consideration, and this phrase is: "which are not forbidden by the employer." It is clear to us that although the girl had a perfect right to consume the food of the employer as a part of her compensation, she certainly had no right to use the stove in the ordinary course of her employment. The case is even stronger, because it is shown that the employers, through their agent, expressly forbade the use of the range.

See, also, 102 O. S., 1.

The opinion of the municipal court of Cincinnati is affirmed.

Let an entry to this effect be prepared at an early date.